### HENRY HUTCHINGS v. HENRY V. LOW.

An assignment does not necessarily imply or require writing ; and when alleged of any subject, it should always be construed in connection with the law of transfer, applicable to that particular subject matter.

A note payable to bearer is negociable by delivery, and this creates a property in the assignee or bearer.

This action was commenced in the court for the trial of small causes, on the following check or draft.

New Brunswick, Dec. 3, 1825.

Cashier of the Bank of New Brunswick, pay to C. S. Hutchings or bearer, eighty-three dollars, 3-100.

H. V. Low.

There was no endorsement by C. S. Hutchings on the draft or check. The statement of demand set forth the check and averred " that it was duly transferred, assigned, and delivered " to the plaintiff.

A judgment being obtained by the defendant, the plaintiff removed the same to the Court of Common Pleas of the County of Middlesex. On the trial of the appeal, the plaintiff proved that the check sent up with the papers, and upon which the suit was brought, was in the proper hand writing of Henry V. Low, the defendant, and that the name Henry V. Low, subscribed to the said check, was in the proper hand writing of the said Henry V. Low," whereupon the said check was offered in evidence,

and objected to on the ground, that there was no assignment on said check, that it is not the check described in the plaintiffs state of demand, which objection was sustained by the Court; and no other evidence being offered by the plaintiff, the jury rendered a verdict for the defendant. The judgment on this verdict, together with the other proceedings, were removed into this court by certiorari.

*Nevius* for plaintiff in certiorari.

*Blauvelt* for defendant referred the court to 1 *Camp.* 175, and insisted, that the assignment mentioned in the statement of demand must mean, an " assignment " in writing, and such an assignment not being proved by the plaintiff, the Court of Common Pleas properly overruled the check.

The opinion of the court was delivered by Justice Drake.

DRAKE, J. An action was commenced by the plaintiff, as *bearer* of a check, drawn by the defendant on the cashier of the Bank of New Brunswick, payable to one C. S. Hutchings, or bearer. The state of demand filed in the justices' court, in setting out the transfer, alleged that the said C. S. Hutchings, " duly transferred, *assigned*, and delivered the said draft or order, to the said plaintiff, who thereby became," &c. There was a trial and judgment in the court below, for the defendant, upon which an appeal was taken to the Inferior Court of Common Pleas of the county of Middlesex. On the trial of the appeal, the check, after being proved, was offered in evidence and objected to on the ground " that there was no assignment on said check, and that it is not the check described in the plaintiff's state of demand." Upon comparing the instrument with the state of demand, no variance is apparent, unless it be in the allegation of *assignment*, and I presume that it was for a supposed defect in the proof of that allegation, that the evidence was overruled ; and that the correctness of that decision is the point now intended to be submitted to this court.

Without enquiring how far such an objection should prevail if the word *assigned* necessarily imported a *written* transfer, I am of opinion that the court below erred in their construction of that term. An assignment does not necessarily imply, or require writing. And when alleged of any subject, it should

always be construed in connection with the law of transfer, applicable to that particular subject matter.

A note payable to *bearer* is negociable by *delivery*, and this creates a property in the *assignee*, or bearer—*Grant* v. *Vaughn*, 3 *Burr.* 1524. That was an action by the bearer of a bill, payable to bearer, and not endorsed, yet Justice Yeates says, that " whether the plaintiff can maintain this action, depends upon its being *assignable* or not." Chitty says, such a note is in legal operation *assignable* by endorsement, or by mere delivery. *Chitty on bills,* 146.

" Assignment is the setting over or transferring the interest a man hath in any thing to another." *Jacob's Law Dict.* 1 *Vol.* 139. And see his title assigns, or assignees.

" Assignees are in fact or in law." *Com. Dig. Assignment B.* —executors, administrators, heirs, &c. are assignees in law.

A mortgage may be *assigned* by mere delivery, without writing. 1 *John. Rep.* 580, 591.

The books are full of instances of this use of the term assigned. I am of opinion that in this case the allegation was sustained by the proof offered ; and that therefore the judgment of the Common Pleas should be reversed, and the cause remitted to that court, that they may proceed therein according to law.

APPROVED in *Allen* v. *Pancoast, Spencer,* 71; CITED in *Winfield* v. *City of Hudson,* 4 *Dutch.* 264; *Morris Canal & Bank. Co.* v. *Fisher,* 1 *Stockt.* 686-696; *Hutchings* v. *Low,* 2 *C. E. Green,* 140.